Issued by the

# United States District Court

## MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST. COURT
MIDDLE DIST. OF LA
2006 AUG -9 PM 2:32

SIGN _____
BY DEPUTY CLERK

ANTHONY S. IOPPOLO, M.D.

v.

CHRISTOPHER RUMANA, M.D., et al

**SUBPOENA IN A CIVIL CASE**

Case No. 06-193-RET-DLD

To: Ms. Kristin Wall
President and CEO
Louisiana Workers' Compensation Corporation
2237 S. Acadian Thruway
Baton Rouge, LA 70806

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case:

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **The documents or other things listed in Attachment A to this Subpoena.**

| PLACE | DATE AND TIME |
| --- | --- |
| OFFICES OF JONES WALKER<br>8555 United Plaza Blvd.<br>5th Floor<br>Baton Rouge, LA 70808<br>225-248-2000 | **August 16, 2006, 10:00 a.m.** |

☐ YOU ARE COMMANDED to permit inspection of the following remises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify, Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (indicate if attorney for Plaintiff or Defendant) | DATE |
| --- | --- |
| [signature] **Attorneys for Defendant AANS** | August 1, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
RYAN E. JOHNSON
Jones Walker, et al
8555 United Plaza Boulevard
Baton Rouge, LA 70809
Phone: (225) 248-2000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

{B0393881.1}

## PROOF OF SERVICE

| SERVED | Date | Place | |
|---|---|---|---|
| | 8-1-06 | 2237 S. Acadian Thruway, Baton Rouge | |
| Served on (Print Name) | | | Manner of Service |
| Cassandra L. Corley | | | personal |
| served by (Print Name) | | | Title |
| Angel. Bergeron | | | paralegal |

### DECLARATION OF SERVER

I Declare under penalty of perjury under the law of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____8-1-06_____
Date

Signature of Server: Angela Bergeron

Address of Server: 8555 United Plaza Blvd
Baton Rouge La 70809

Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fees.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure or privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

{B0393881.1}                                         2

(ii)    requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)   requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)    DUTIES IN RESPONDING TO SUBPOENA.

(1)    A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)    When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

# EXHIBIT A TO
## SUBPOENA TO KRISTIN WALL

1. All documents contained in LWCC's personnel file for Anthony S. Ioppolo.

2. All documents relating to wages, benefits or compensation of any type paid to Anthony S. Ioppolo by LWCC, including, but not limited to, all W-2's and 1099 forms.

3. All documents you relied upon in making the statements contained in the Wall Affidavit.

4. All copies of the Wall Affidavit including, but not limited to any drafts, unsigned copies or copies containing hand or type written notes of any types.

5. All documents sent or received by you relating to any of the statements contained in the Wall Affidavit.

Definitions:

1. The term "you" and "your" means Kristin W. Wall or anyone acting on your behalf who can provide information or documents sought by this subpoena.

2. The term "document" means any written, printed, non-printed, typed, photocopied, photographic, reproduced and graphic matter of any kind or character and any recorded or stored information, however produced or reproduced, in "your" possession, custody, or control. The term "document" specifically includes, but is not limited to electronically stored information such as electronic mail and computer files of any format. The term "document" also includes not only original documents, but also all copies or reproductions of any type of such originals.

3. The term "materials" means any product or other tangible thing that does not fall within the definition of "document" listed above.

4. The "Wall Affidavit" is the April 17, 2006 affidavit signed by Ms. Kristin Wall, a copy of which is attached to this subpoena.

5. The term "LWCC" means the Louisiana Workers' Compensation Corporation.