ANTHONY IOPPOLO, M.D.,

VERSUS

CHRISTOPHER RUMANA, M.D.,
MARK CUFFE, M.D., AMERICAN
ASSOCIATION OF NEUROLOGICAL
SURGEONS, and AMERICAN COLLEGE
OF SURGEONS

CIVIL ACTION

06-193-JJB-DLD

## RULING ON PLAINTIFF'S MOTION TO RECONSIDER

Plaintiff brings this Motion to Reconsider (doc. 134) the Court's earlier ruling granting a motion to dismiss by Defendant American Association of Neurological Surgeons and the American College of Surgeons (collectively "AANS") (doc. 130).[1] AANS filed an opposition. Plaintiff did not file a reply by the deadline given by the Court. There is no need for oral argument. For the following reasons, the Motion is DENIED.

While the Federal Rules of Civil Procedure do not recognize this particular type of motion, Rule 54(b) grants district courts the authority to reconsider interlocutory orders or decisions. Courts thus retain jurisdiction over all the claims in a suit and may alter its earlier decisions until final judgment has been issued. *See Livingston Downs v. Jefferson Downs*, 259 F.Supp.2d 471, 475 (M.D. La. 2002) (citing *Zapata Gulf Marine, Inc.*, 925 F.2d 812, 815 (5th Cir. 1991). District

---

[1] This earlier motion to dismiss was brought by all defendants. Judge Tyson heard oral argument and denied the motion as to Drs. Rumana and Cuffe. He deferred ruling as to the AANS defendants. After his death, this case was transferred to this Court.

courts have considerable discretion in deciding whether to reconsider an interlocutory order. *Id.* Motions for reconsideration based upon the same arguments merely waste the limited time and resources of the Court. *van Heerden v. Bd. of Sup'rs of La. State Univ. and Agricultural and Mechanical College*, No. 10-155, 2010 WL 2545746, at *1 (M.D. La. June 21, 2010). Similarly, courts generally decline to reconsider when the movant is simply rehashing old arguments or raising an argument for the first time without justification." *McClung v. Gautreaux*, No. 11-263, 2011 WL 4062387, at *1 (M.D. La. September 13, 2011). Such a motion should not give the losing party the chance to merely reargue his losing points and authorities. *Baustian v. State of Louisiana*, 929 F.Supp. 980, 981 (E.D. La. 1996) (citation omitted).

Plaintiff bears the burden of showing some error of law or fact by the court or else some new evidence which might make the Court wish to revisit its earlier ruling. He has not done this. Instead he merely reargues his opposition to the 12(b)(6) motion, telling the Court why it should have ruled in his favor. He brings nothing new to the table. The Court finds this to be a rehash of his past arguments. Therefore, the Motion is DENIED.

## **CONCLUSION**

Accordingly, the Court hereby **DENIES** Plaintiff's Motion to Reconsider (doc. 134). This matter is referred to the Magistrate Judge for further proceedings involving the remaining Defendants Rumana and Cuffe.

Signed in Baton Rouge, Louisiana, on November 30, 2011.

     **JUDGE JAMES J. BRADY**
     **UNITED STATES DISTRICT COURT**
     **MIDDLE DISTRICT OF LOUISIANA**