UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ANTHONY S. IOPPOLO, MD,

VERSUS

CIVIL ACTION

No. 06-193-JJB

CHRISTOPHER RUMANA, MD,
MARK CUFFE, MD, AMERICAN
ASSOCIATION OF NEUROLOGICAL
SURGEONS & AMERICAN COLLEGE
OF SURGEONS

**RULING ON PLAINTIFF'S MOTION FOR NEW TRIAL OR, IN THE ALTERNATIVE, MOTION TO AMEND INTERLOCUTORY ORDER TO INCLUDE STATEMENT REQUIRED BY FEDERAL RULES OF CIVIL PROCEDURE RULES 54(b) AND 59(e)**

This matter is before the Court on Plaintiff Anthony S. Ioppolo's ("Ioppolo") motion for a new trial or, in the alternative, motion to amend the interlocutory order so that Ioppolo can take an immediate appeal. (Doc. 176). Defendants Mark J. Cuffe ("Cuffe") and Christopher Rumana ("Rumana") have filed oppositions (Docs. 178 & 179, respectively), to which Ioppolo has filed a reply. (Doc. 182). Oral argument is not necessary. The Court has jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons stated herein, the Court DENIES Ioppolo's motion in its entirety. (Doc. 176).

I.

Ioppolo has filed this motion in response to this Court's October 16, 2012 ruling granting in part and denying in part the renewed motions to dismiss filed by

1

Cuffe and Rumana. Ioppolo asserts that this Court's ruling was based on a misapplication of law and requests that this Court grant a new trial to reconsider the matter. Alternatively, Ioppolo requests that this Court amend its October 16th ruling to include a statement that the order is a final judgment, which is immediately appealable.

The procedural history of this action has been detailed in the Court's October 16, 2012 ruling (Doc. 173), and will not be repeated here, except to the extent necessary to address the present motion. Rumana, Cuffe, and a former defendant in this action, American Association of Neurological Surgeons, Inc. ("AANS") filed motions to dismiss pursuant to F.R.C.P. 12(b)(6). On July 17, 2008, the late Judge Tyson orally denied Rumana and Cuffe's joint motion to dismiss. (Doc. 144). However, Judge Tyson deferred ruling on AANS's motion to dismiss, and granted Ioppolo leave to amend his complaint. (Doc. 110). On August 6, 2008, Ioppolo filed an amended complaint. (Doc. 109). Of particular import, Ioppolo amended Paragraph 6B, which states "AANS defamed plaintiff through the publication of its 'Report of the Professional Conduct Committee' . . . dated December 28, 2004." (Doc. 109, p. 2-3). Prior to this amendment, there was no indication as to when the report was published.

In August of 2011, this Court granted AANS's motion to dismiss on the grounds that Ioppolo failed to state a claim for defamation, abuse of process, abuse of personal rights, and intentional infliction of emotional distress. (Doc. 130). Rumana and Cuffe both filed renewed motions to dismiss pursuant to

2

F.R.C.P. 12(b)(6). (Doc. 164 & Doc. 166). Rumana and Cuffe argued that all of the claims that Ioppolo alleged have prescribed and that this Court should adopt its reasoning in granting AANS's motion to dismiss with respect to these claims.

On October 16, 2012, this Court dismissed Ioppolo's abuse of process and intentional infliction of emotional distress claims because Ioppolo failed to allege sufficient facts to support these claims. (Doc. 173). This Court also dismissed the abuse of personal rights claim because it has prescribed. In his amended complaint, Ioppolo alleges that Rumana and Cuffe provided hearsay and/or false statements to the Professional Conduct Committee ("PCC"), who in turn, published a report on December 28, 2004. This Court concluded that any potential abuse of personal rights occurred prior to the December 28, 2004 report, and an abuse of personal rights claim has a one year prescriptive period. Thus, any claim for abuse of personal rights has prescribed.

As for Ioppolo's defamation claims, this Court found that the defamation claim only prescribed with respect to the *initial* publication, which occurred on December 28, 2004. However, any subsequent publications of the preliminary report made to the Board of Medical Examiners and other institutions in March of 2005, if found to be defamatory, are within the one year prescriptive period, and therefore, have not prescribed. Thus, Ioppolo's defamation claims, with the exception of the initial publication, have not prescribed.

II.

In Ioppolo's present motion, he argues that his claims have not prescribed, and that December 28, 2004 should not have been considered for prescription purposes. (Doc. 176). Rather, this date was the date that a report, which contained defamatory information, was created. Ioppolo argues that a claim for prescription depends on the date of its publication to a third party and publication occurred well after December of 2004. Ioppolo points to his amended complaint, in which he states that the defamatory statements were published by the AANS beginning in March of 2005 through April of 2006. These dates, Ioppolo asserts, are the correct dates for prescriptive purposes.

Ioppolo argues that because these dates were in his complaint, the Court must accept these well-pleaded facts as true when considering a motion to dismiss. *See C.C. Port, Ltd. v. Davis-Penn Mortg. Co.*, 61 F.3d 288, 289 (5th Cir. 1995). Ioppolo asserts that his petition has not prescribed on its face and Cuffe and Rumana failed to meet their burden to show that his claims have prescribed. *See Mallett v. McNeal*, 2005-2289 (La. 10/17/06); 939 So.2d 1254, 1258. ("The burden of proof on the prescription issue lies with the party asserting it unless the plaintiff's claim is barred on its face, in which case the burden shifts to the plaintiff.")

Although Ioppolo believes that his allegations as to the correct dates for prescriptive purposes are clear, he requests that this Court permit him to amend his complaint to clarify this issue. Ioppolo asserts that Louisiana law mandates

4

that he be permitted to amend his petition to address the issue of prescription. *See La. C.C.P. art. 934* ("When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court."). Thus, Ioppolo requests that this Court to grant a new trial, with oral argument, and permit him to amend his complaint to address the issue of prescription. The Court merely held that any claims based on publication prior to March of 2005 were prescribed. Under the circumstances, there is no need for reconsideration or an amendment.

Alternatively, Ioppolo requests that this Court amend its October 16, 2012 order to include a statement that the order is a final judgment that is immediately appealable pursuant to Rule 54(b). The Court notes that interlocutory appeals are not favored and there are no grounds for such in this case under Rule 54 or 28 U.S.C. § 1292.

The Court notes that this motion constitutes a waste of the Court's time and resources. Ioppolo has failed to raise any new arguments or demonstrate that there is a manifest error of law. Rather, Ioppolo has repeated the arguments that he has made previously. A "motion for reconsideration based upon the same arguments only serves to waste the valuable resources of the court." *Van Heerden v. Bd. of Supervisors of La. State Univ., Agric. & Mech. Coll.*, 2010 WL 2545746 *1 (M.D. La., 2010).

Accordingly, Ioppolo's Motion for a New Trial Or, in the Alternative, Motion to Amend the Interlocutory Order is DENIED. (Doc. 176).

Signed in Baton Rouge, Louisiana on January 3, 2013.

 **JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**